UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KENNETH PACIOREK, <br><br> Plaintiff, <br><br> v. <br><br> LAKE SUPERIOR COURT, KATHERINE J. GARZA, LORENZO ARREDONDO, and BERNARD A. CARTER, <br><br> Defendants. | CAUSE NO.: 2:21-CV-236-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 11] filed by Defendant Lorenzo Arredondo on October 21, 2021, and a Motion to Dismiss [ECF No. 13] filed by Defendants Lake Superior Court, Katherine J. Garza, and Bernard A. Carter on October 26, 2021. The Plaintiff has not responded, and the time to do so has passed.[1] For the reasons set forth below, the Court grants the motions.

**MOTION TO DISMISS STANDARD**

In order to state a claim for relief, a complaint must comply with Federal Rule of Civil Procedure 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed.

---

[1] The Court notes that mail sent to the Plaintiff from the Court was returned on January 31, 2022, April 12, 2022, and July 5, 2022, with the notation "Moved Left No Address." *See* ECF Nos. 19, 23, 27.

R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)).

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Plaintiff's pro se Complaint contains one sentence: "taking away my means of transportation, my son and stealing my money while locking me up or I call it kidnapping." Compl. 2, ECF No. 1. Both motions to dismiss argue that the Plaintiff has failed to state a claim because the Complaint contains no factual allegations against any Defendant and does not put the Defendants on notice of any claim against them. The Plaintiff did not respond to the motion and, thus, has not attempted to clarify his claim. The Court recognizes that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, in this instance, the Complaint does not provide any Defendant with notice of what the Defendant allegedly did that might form the basis of a claim. The Complaint also fails to allege any facts to indicate what the cause of action might be. It is not enough for the Plaintiff to allege bald legal claims of "stealing" or "kidnapping" without any facts to show that the claim is plausible against any of the

2

Defendants. Accordingly, the Court dismisses the Complaint for failure to state a claim upon which relief can be granted and, thus, does not reach Defendant Arredondo's alternate argument that he is shielded by absolute judicial immunity.

Ordinarily, a court affords a pro se litigant an opportunity to file an amended pleading before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, granting leave to amend is not required where such action would be futile. *Id.*; *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend . . . where the amendment would be futile." (citation omitted)). The Plaintiff did not respond to this motion to explain what facts he might allege to state a claim, and the Court finds no basis to conclude that, if given another opportunity, the Plaintiff could state a viable claim consistent with the allegations in the Complaint.

## CONCLUSION

Accordingly, the Court hereby GRANTS (1) the Motion to Dismiss [ECF No. 11] filed by Defendant Lorenzo Arredondo and (2) the Motion to Dismiss [ECF No. 13] filed by Defendants Lake Superior Court, Katherine J. Garza, and Bernard A. Carter. The Court DISMISSES the Plaintiff's Complaint with prejudice.

SO ORDERED on September 21, 2022.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT